UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

INAM SHAMI, a TEXAS resident;
ASMA SHAMI, a TEXAS resident;
NIDA SHAMI, a TEXAS resident; and
MUHAMMAD SHAMI, a TEXAS resident,

    Plaintiffs,

v.                                          No. 1:23-cv-919

GND TRUCKING INC., a South Dakota corporation;
IQBAL BHINDER, a California resident;
WILSON EXPRESS, LLC, a California company;
CHARLES WILSON, a California resident;
SWIFT TRANSPORTATION OF ARIZONA, LLC, a Delaware company: and
JOSE DELGADO RAMIREZ, a Texas resident,

    Defendants.

## NOTICE OF REMOVAL

Defendants GND Trucking Inc. and Iqbal Bhinder (hereinafter "Defendants"), by and through their counsel, Allen, Shepherd & Lewis, P.A. (Aaron R. Kugler), hereby files this this Notice of Removal and removes this case pursuant to 28 U.S.C. § 1441, and in support thereof, states as follows:

    1.    By and through this Notice of Removal, Defendants GND Trucking Inc. and Iqbal Bhinder (hereinafter "Defendants") remove all claims asserted by Plaintiffs Inam Shami, Asma Shami, Nida Shami and Muhammad Shami (hereinafter "Plaintiffs") against Defendants on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and supplemental jurisdiction, *see* 28 U.S.C. § 1367.

    2.    Plaintiffs filed their Complaint for Damages on October 24, 2022 in the Fourth Judicial District Court, County of Guadalupe, State of New Mexico, Cause No. D-424-CV-2022-00047.

3. The Complaint named six defendants, four of whom have been dismissed. The dismissed defendants were Wilson Express, LLC, Charles Wilson, Swift Transportation of Arizona, LLC and Jose Delgado Ramirez. The Complaint alleged that Defendant Ramirez was a resident of Texas. His answer admitted that allegation.

4. Upon information and belief, Jose Delgado Ramirez was a resident and citizen of Texas, and complete diversity of citizenship did not exist in this case until he was dismissed.

5. Plaintiffs voluntarily dismissed the four prior defendants, including Jose Delgado Ramirez. The motion to dismiss him was filed on September 27, 2023. The order granting the voluntary dismissal was entered on September 28, 2023. Thus, complete diversity of citizenship first existed in this case less than thirty 30 days before the filing of this Notice of Removal.

6. The original complaint was filed less than one year ago. This removal is therefore timely.

7. A copy of the Complaint is attached hereto as "Exhibit A".

8. A copy of all other process, pleadings and orders served on Defendants in the state lawsuit are attached hereto as "Exhibit B". *See* 28 U.S.C. § 1446(a).

9. A copy of the docket sheet from the state lawsuit is attached hereto as "Exhibit C".

10. This Court has jurisdiction over the claims by Inam Shami and Asma Shami in this case pursuant to 28 U.S.C. §§ 1332 & 1441(a).

11. This Court has jurisdiction over the claims by Nida Shami and Muhammad Shami in this case pursuant to 28 U.S.C. §§ 1367 & 1441(a). These claims form part of the same case or controversy as the claims by Inam Shami and Asma Shami because they all arise out of the same car accident. All four Plaintiffs were occupying the same vehicle at the time of the accident.

12. Venue is proper in this Court since Plaintiffs' claims arise out of a vehicle accident that occurred in Guadalupe County, New Mexico and since the state lawsuit was filed in New Mexico and is being removed from a New Mexico state court. *See* U.S.C. §§ 1391, 1441(a) & 1446(a).

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed in the state court and served upon the Plaintiff promptly after removal.

14. Pursuant to D.N.M.LR-CIV. 81.1(a), Defendants will submit copies of any additional records and proceedings from the state court action within twenty-eight days of filing this Notice of Removal.

## Diversity of Citizenship

15. According to their Complaint and upon other information and belief, Plaintiffs are residents and citizens of Texas.

16. Defendant GND Trucking Inc. was incorporated in South Dakota. GND Trucking Inc's principal place of business was in California. GND Trucking Inc. is no longer operating.

17. Defendant Iqbal Bhinder is a resident and citizen of California.

18. The other defendants have been dismissed.

19. No defendant is a resident or citizen of New Mexico. *See* 28 U.S.C. § 1446(b)(2).

20. Jose Delgado Ramirez was a defendant in this case, but he has been dismissed.

21. Since no remaining Defendant is a resident or citizen of the same state as any Plaintiff, complete diversity of citizenship exists for this case. *See* 28 U.S.C. § 1332(a)(1).

**22.** Since Plaintiffs Nida Shami and Muhammad Shami are also residents and citizens of Texas, supplemental jurisdiction over their claims is not inconsistent with the diversity of citizenship requirement. *See* 28 U.S.C. § 1367(b).

**Amount in Controversy**

23.     The amount in controversy for the claims by Inam Shami and Asma Shami exceeds $75,000.

24.     Although Defendants dispute that these Plaintiffs would be entitled to awards exceeding this jurisdictional threshold, the amount in controversy requirement is satisfied because it is possible that an amount in excess of that threshold is at play.

25.     New Mexico practice does not permit a demand for a specific sum in a complaint, *see* NMRA 1-008(A)(3), and Plaintiffs' Complaint does not assert a specific total sum. *See* U.S.C. § 1446(c)(2)(A)(ii).

26.     Plaintiff Asma Shami has disclosed that she seeks $34,906 in medical expenses from certain medical providers for her injuries allegedly sustained in this accident. In addition, Asma Shami has asserted that there are other medical providers whose bills are not included in this figure, so the total figure for her medical expenses sought will be even higher.

27.     Plaintiff Asma Shami claims multiple injuries from the accident, including a head injury from a head impact, neck pain, back pain, shoulder pain, cervicalgia, soft-tissue disorder, anxiety, myalgia and a disc protrusion of the lumbar and cervical spine, a labral tear of the superior, anterior superior, and posterior segments of the right shoulder.

28.     Plaintiff Inam Shami has disclosed that he seeks $31,945 in medical expenses from certain medical providers for his injuries allegedly sustained in this accident. In addition, Inam Shami has asserted that there are other medical providers whose bills are not included in this figure, so the total figure for his medical expenses sought will be even higher.

29.     Plaintiff Inam Shami claims multiple injuries from the accident, including knee pain, elbow pain, shoulder pain, foot/ankle/heel pain, headaches, ringing in this ears, right heel

bone bruise, right heel contusion, right elbow contusion, right knee contusion, lumbar pain, left wrist pain, thumb pain, high-grade sprain with a partial thickness tear and tibiotalar joint effusion, posterior subtalar joint effusion in right foot, lumbosacral and cervical disc displacement and right ankle sprain.

30. Plaintiff Inam Shami's and Plaintiff Asma Shami's discovery answers each stated that they are seeking damages for medical expenses, pain and suffering, lost enjoyment of life, lost household services and punitive damages.

31. Often plaintiffs in New Mexico seek total compensatory damages that are three or more times their medical expenses. Defendants dispute that factfinders should measure total compensatory damages as a multiple of medical expenses.

32. In addition, Plaintiffs' prayer for relief in their Complaint seeks attorneys' fees.

33. Although Defendants dispute that Plaintiffs are entitled to any award of attorneys' fees, the allegation in the Complaint places that award at issue.

34. Plaintiffs have two sets of attorneys.  Each set of attorneys would each likely request over $20,000 if they pursued their request for attorneys' fees after a trial.

35. In addition, Plaintiffs' discovery answers state that they are seeking punitive damages.

36. Although Defendants dispute that Plaintiffs could be entitled to punitive damages based on the pleadings and the facts at issue in this litigation, Plaintiffs have raised the prospect of a potential punitive damages award.

37. Although Defendants dispute the punitive damages claim, plaintiffs in New Mexico often seek a punitive damages award at least equal to the compensatory damages.

38. Plaintiffs claim that Defendant Iqbal Bhinder lost control of his semi truck, crossed the oncoming lane of traffic, caused the car accident, and the other semi trucks involved unsuccessfully tried to avoid hitting his tractor-trailer.

39. Plaintiffs claim that Defendant GND Trucking Inc. is liable for Defendant Iqbal Bhinder under theories of respondeat superior, agency and apparent agency.

40. Plaintiffs have settled with the other drivers and their trucking companies.

41. When plaintiffs settle with some but not all of the defendants, it is common for the plaintiffs to argue that the last remaining defendants are fully liable or almost entirely at fault for the accident and to minimize any fault by the settled defendants.

42. In this case, Plaintiffs may and will likely contend that Defendants GND Trucking Inc. and Iqbal Bhinder are 100% at fault because the defendants who already settled were allegedly not at fault, did not cause the accident and could not avoid hitting Defendant Iqbal Bhinder's semi truck or other vehicles.

WHEREFORE, the removing Defendants, GND Trucking Inc. and Iqbal Bhinder, give notice that the above-styled action, which was pending in the Fourth Judicial District Court, County of Guadalupe, State of New Mexico, as Cause No. D-424-CV-2022-00047 is hereby removed to this Court.

Electronically submitted,

ALLEN, SHEPHERD & LEWIS, P.A.

By: /s/ Aaron R. Kugler
  Aaron R. Kugler
  P.O. Box 94750
  Albuquerque, NM  87199-4750
  (505) 341-0110
  akugler@allenlawnm.com
  *Attorneys for Defendants GND Trucking,*
  *Inc. and Iqbal Bhinder*

6

**THIS IS TO CERTIFY** that on this 18th day of October, 2023, a copy of the foregoing pleading was filed Electronically through the CM/ECF system and I had the foregoing served by email upon the following counsel::

    Tyler J. Atkins, Esq. / tyler@atkinswalker.com
    Atkins & Walker Law
    127 Bryn Mawr Drive SE
    Albuquerque, NM  87106
    *Attorneys for Plaintiffs*

    Komal N. Stiver, Esq. / komal@stiverlaw.com
    Stiver Law LLC
    1000 Lomas Blvd NW
    Albuquerque, NM  87102
    komal@stiverlaw.com
    *Attorneys for Plaintiffs*

*/s/ Aaron R. Kugler*
Aaron R. Kugler